IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS LARRIVA, | ) |
| Petitioner, | ) No. C 06-2737 TEH (PR) |
| vs. | ) ORDER OF TRANSFER |
| L. WATSON, Warden, et al, | ) |
| Respondents. | ) |

Petitioner seeks federal habeas review of a decision by correctional staff at Corcoran State Prison to retain Petitioner in the security housing unit based upon a prison gang validation. Petitioner has paid the filing fee. Corcoran State Prison is located within Kings County, which lies in the Eastern District of California. See id. § 84(b).

Venue is proper in a habeas action in either the district of conviction or the district of confinement, id. § 2241(d). However, the district of confinement is the preferable forum to review the execution of a sentence. See Habeas L.R. 2254-3(a); Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989); cf. Laue v. Nelson, 279 F. Supp. 265, 266 (N.D. Cal. 1968) (district of conviction preferable forum to review conviction). Because the County of Kings lies in the Eastern District of California, the Court orders that pursuant to 28 U.S.C. § 1404(a) and Habeas Local Rule 2254-3(b), and in the interest of justice, this petition be transferred to the United States District Court for the Eastern District of California.

To the extent that Petitioner argues that jurisdiction is proper here based on a settlement agreement in Case No. C-94-2847 MJJ (PR), the settlement agreement provides otherwise. While Judge Jenkins did provide for enforcement of the agreement

by the individual Plaintiff in that case, the settlement agreement also specifically dictates that there can be "no individual inmate relief regarding an inmate's gang validation granted through the above-described process; individual inmate concerns regarding his/her own gang validation can only be raised. . .by separate suit." Settlement Agreement at 9. As there is no jurisdiction here based on standing to enforce the agreement in that case, this Court now orders transfer to the proper district.

      The clerk shall transfer this matter and terminate all pending motions as moot.

SO ORDERED.

DATED:  10/05/06

THELTON E. HENDERSON
United States District Judge

2